## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| CRISTOBAL CAMILO LAGUNA ESPINOZA, | ) ) | Case No. 4:25-cv-02107 |
| | ) | |
| Petitioner, | ) ) | Judge J. Philip Calabrese |
| | ) | Magistrate Judge |
| v. | ) ) | James E. Grimes, Jr. |
| | ) | |
| DIRECTOR OF DETROIT FIELD OFFICE, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*, | ) ) ) | |
| | ) | |
| Respondents. | ) ) | |

### OPINION AND ORDER

Petitioner Cristobal Camilo Laguna Espinoza, a Nicaraguan citizen illegally present in the United States and in custody without bond pending removal proceedings, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, the Court **DISMISSES** the petition **WITHOUT PREJUDICE**.  Further, the Court **GRANTS** a certificate of appealability.

### STATEMENT OF FACTS

According to Petitioner, Mr. Laguna Espinoza entered the United States with parole in April 2022 and, ever since, has resided in the country.  (ECF No. 1, ¶¶ 19 & 21, PageID #5.)  At some point following his entry, Mr. Laguna Espinoza filed a petition for asylum, which remains pending and is set for an individual merits hearing before the Immigration Court on November 7, 2025.  (*Id.*, ¶ 21, PageID #5–6.) Petitioner claims that agents with Immigration and Customs Enforcement arrested

Mr. Laguna Espinoza because his parole had expired, and he was detained on June 11, 2025.  (*Id.*, ¶¶ 2 & 22, PageID #2 & #6.)  Currently, he is detained in a local jail in ICE custody.  (*Id.*, ¶ 15, PageID #4.)

Following a hearing, on July 24, 2025, the Immigration Court denied Mr. Laguna Espinoza's request for bond, determining that he was an "applicant for admission" and that the Immigration Court did not have jurisdiction to redetermine his bond.  (*Id.*, ¶ 23, PageID #6.)  It did so based on *Matter of Q. Li*, 26 I&N Dec. 66 (BIA 2025).  (ECF No. 1-4, PageID #49.)  Therefore, the Immigration Court determined that Mr. Laguna Espinoza was detained under Section 235(b) of the Immigration and Nationality Act, 8 U.S.C. § 1225(b).  (*Id.*)  The decision indicated that it was final "unless an appeal is filed with the Board of Immigration Appeals within 30 calendar days of the date of the mailing of this written decision."  (*Id.*, PageID #47.)

On August 7, 2025, the Immigration Court denied Mr. Laguna Espinoza's motion for reconsideration of the bond determination because there had not "been a material change in [his] circumstances since the prior bond redetermination."  (ECF No. 1-5, PageID #51.)  Mr. Laguna Espinoza appealed the denial of bond to the Board of Immigration Appeals.  (ECF No. 1, ¶ 25, PageID #6.)

## STATEMENT OF THE CASE

On October 3, 2025, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (ECF No. 1.)  He alleges that his detention violates: (1) the Due Process Clause of the Fifth Amendment; and (2) 8 U.S.C. § 1225(b) and

28 C.F.R. § 68.36. (*Id.*, ¶¶ 15–24, PageID #18–20.) Specifically, he contends that he has been "detained without any option to argue against the unlawful 'mandatory' detention" under 8 U.S.C. § 1225(b). (*Id.*, ¶ 16, PageID #18.) Further, Petitioner asserts that he has "affirmatively shown that he has been in the United States for over two years prior to the date of the determination of inadmissibility" and that he "was initially paroled into the United States." (*Id.*, ¶ 23, PageID #20.) Also, he claims that, when it denied his request for bond, the Immigration Court improperly relied on *Matter of Q. Li*, 26 I&N Dec. 66 (BIA 2025), and *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). (*Id.*, ¶ 17, PageID #18.)

## ANALYSIS

Under 28 U.S.C. § 2243, a court shall forthwith issue a writ or order the respondent to show cause why a writ should not issue, "unless it appears from the application that the applicant or person detained is not entitled" to a writ of habeas corpus. This statute requires an initial screening of a petition. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). At this stage of the proceedings, a court accepts as true the allegations in the petition and construes them in favor of the petitioner. *Id.* "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Rule 4 of the Rules Governing Section 2254 Cases (applicable to petitions under Section 2241 through Rule 1(b)).

## I. Exhaustion

"When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the [habeas] petition without prejudice or stay the

proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citations omitted).  In *Leonardo*, the petitioner pursued habeas review of the Immigration Court's adverse bond determination before he appealed to the Board of Immigration Appeals.  *Id.*  The Ninth Circuit determined that filing a habeas petition in federal district court was improper because the petitioner "should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision."  *Id.* (citing *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 819 (9th Cir. 2003)).  The Sixth Circuit has endorsed this procedure for challenging bond determinations, albeit in a short, unpublished order.  *See Rabi v. Sessions*, No. 19-3249, 2018 U.S. App. LEXIS 19661, at *1–2 (6th Cir. July 16, 2018) (citing *Leonardo*, 646 F.3d at 1160); *see also Hernandez Torrealba v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-01621, 2025 WL 2444114, at *8 (N.D. Ohio Aug. 25, 2025) (applying the Ninth Circuit's test for prudential exhaustion).  Previously, the Court did so as well.  *See Monroy Villalta v. Greene*, No. 4:25-cv-1594, 2025 WL 2472886, at *2 (Aug. 25, 2025 N.D. Ohio).

In this case, Petitioner acknowledges that he has "filed for a timely appeal of the denial to the Board of Immigration Appeals."  (ECF No. 1, ¶ 25, PageID #6.)  As in *Leonardo*, 646 F.3d at 1160, prudential principles of exhaustion counsel that Petitioner pursue his administrative remedies to a final judgment from the Board of Immigration Appeals before seeking a writ of habeas corpus.  In the petition, count two alleges violation of 8 U.S.C. §§ 1225(b) and 1226(a) and their implementing

4

regulations. (ECF No. 1, ¶¶ 22–24, PageID #20.) Though count one is styled as a Fifth Amendment due process claim, it too presents claims about the statute and its associated procedures. Specifically, Petitioner challenges his "unlawful 'mandatory' detention" based on the Immigration Judge's interpretation of 8 U.S.C. §§ 1225(b) and 1226(a). (*Id.*, ¶ 16, PageID #18.) He seeks review of the "mandatory detention flowing from an arbitrary and capricious overreach by the BIA in *Matter of Q. Li* and *Matter of Yajure Hurtado*." (*Id.*, ¶ 17, PageID #18.) In other words, any determination regarding detention here turns on interpretation and application of the governing removal regime. In the first instance, such review should proceed before the Board of Immigration Appeals to "apply its experience and expertise without judicial interference." *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009) (abrogated on other grounds); *see also Rojas-Garcia v. Ashcroft*, 39 F.3d 814, 819 (9th Cir. 2003) (acknowledging that a "petitioner must exhaust administrative remedies before raising the constitutional claims in a habeas petition when those claims are reviewable by the BIA on appeal"); *Monroy Villalta*, 2025 WL 2472886, at *2.

## II.    Futility

Petitioner argues that an appeal to the Board of Immigration Appeals "is futile given the Board's holdings in *Matter of Q. Li* and *Matter of Yajure Hurtado*." (ECF No. 1, ¶ 25, PageID #6; ECF No. 1-2.) To support this argument, he points to "the Board's recent dismissal of an appeal in another case where the Board decided that the Immigration Court and Board lacked jurisdiction . . . to hear custody redetermination or appeal of the same . . . ." (ECF No. 1, ¶ 25, PageID #6.) But courts in this Circuit have determined that even where there is a "high probability of denial"

5

of a petitioner's appeal of an Immigration Judge's bond decision, such a probability "does not weigh in favor of waiving exhaustion." *Hernandez Torrealba*, 2025 WL 2444114, at *11.

In *Hernandez Torrealba*, the petitioner sought relief from the exhaustion requirement based on a decision of the Board of Immigration Appeals affirming the denial of bond. But the court was "not certain how the BIA will rule on Petitioner's appeal given the particular circumstances of her case, and it would be presumptuous of this Court to simply assume that the BIA will rule against Petitioner." *Id.* So too here. Petitioner provides little relevant background of Mr. Laguna Espinoza's circumstances aside from the fact that he "was initially paroled into the United States." (ECF No. 1, ¶¶ 19 & 23, PageID #5 & #20.) The factual circumstances in both *Matter of Q. Li* and *Matter of Yajure Hurtado* are distinct from this case in certain respects. In *Matter of Q. Li*, the alien "crossed the southern border of the United States without being inspected and admitted or paroled." 29 I&N Dec. 66, at *67. Further, Interpol issued a Red Notice for forgery and human smuggling crimes. *Id.* In *Matter of Yajure Hurtado*, the alien "crossed the border into the United States without inspection" in 2022 and was granted temporary protected status in 2024. 29 I&N Dec. 216, at *216.

Because of the expertise the Board of Immigration Appeals and the immigration courts more generally have in the statutory and administrative regimes governing the admission and removal of foreigners, "'many of the purposes for requiring exhaustion' may be served by permitting agency review in the first

instance.'" *Hernandez Torrealba*, 2025 WL 2444114, at *11 (quoting *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003)). Indeed, courts outside of this Circuit acknowledge that the purposes of requiring exhaustion in the immigration context "include protecting the authority of administrative agencies, limiting interference in agency affairs, developing the factual record to make judicial review more efficient, and resolving issues to render judicial review unnecessary." *Beharry*, 329 F.3d at 62 (citing *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992); *McKart v. United States*, 395 U.S. 185, 193–95 (1969)). For these reasons, the Court cannot say that exhaustion is futile or a waste of time or that prudential reasons apply for excusing it.

*     *     *

For these reasons, the Court determines that Petitioner should pursue this matter before the Board of Immigration Appeals. Because the petition makes no mention of a stay and does not demonstrate grounds for excusing exhaustion, the Court **DISMISSES** the petition **WITHOUT PREJUDICE**.

## CERTIFICATE OF APPEALABILITY

Without a certificate of appealability, a habeas petitioner cannot appeal a final order in a habeas proceeding. 28 U.S.C. § 2253(c)(1). Issuance of a certificate of appealability requires a petitioner to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This means that the petitioner must show that reasonable jurists could find the district court's determination of the relevant constitutional claims debatable or incorrect. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). The petitioner need not show that the appeal would succeed to be

7

eligible for a certificate of appealability.  *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Because of an absence of controlling precedent in this Circuit on the proper procedure on the facts and circumstances presented, the Court acknowledges that reasonable jurors may disagree with the application of prudential exhaustion.  For these reasons, the Court **GRANTS** a certificate of appealability on count one of the petition.

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES** the petition for a writ of habeas corpus **WITHOUT PREJUDICE**.  Further, the Court **GRANTS** a certificate of appealability on count one of the petition.

**SO ORDERED.**

Dated:  October 9, 2025

_____

J. Philip Calabrese
United States District Judge
Northern District of Ohio